### BACON, ESTATE OF, In Re

Ohio Appeals, 1st Dist, Hamilton Co

No 4812. Decided Sept 16, 1935

Nichols, Morrill, Wood, Marx & Ginter, Cincinnati for plaintiff in error, Stanley E. Conger.

Dolle, O'Donnell & Cash, Cincinnati, George E. Fee, Cincinnati, Charles Burdsall, Cincinnati, Walter Eckert, Cincinnati, Oscar C. Tiemeyer, Cincinnati, and Edward J. Corcoran, Cincinnati, for defendants in error.

## OPINION

By HAMILTON, J.

The question for determination is, do these facts complete a gift either causa mortis or inter vivos?

It is immaterial from which standpoint the case is considered, since the death of the donor intervened without revocation of the gift, if such it was.

It is claimed that the instruction given, together with the delivery of the keys completed a symbolic delivery of the property to the donees. It was shown that there was an intention to make the gifts The rule is that such gifts are not favored in law, and must be clearly proved.

The evidence is not in dispute. It is to the effect that the deceased desired to make the gifts, and the instruction suggested to the niece as to the mailing of the envelopes containing the bonds was sufficiently established, as was also the delivery of the safety deposit box keys to the niece.

Had the keys been delivered to the donees, we would have no difficulty in finding a completed gift. This raises the question as to whether or not the delivery of the keys to the niece with instructions to open the box and mail the envelopes is sufficient to complete the intended gifts.

In 28 C. J., 694, the rule is stated that delivery to a third person for the donee is sufficient delivery to complete an intended gift. In the same authority, in §693, it is stated, and the cases there collated so hold, that the handing over of keys with intent to make a gift is sufficient as a constructive symbolic delivery of the property to which they gave access.

The case of Rote v Warner, 17 C.C., 350, was a case wherein the donor wished to give his minor daughter certain bonds. He endorsed upon each of the bonds the words "This bond I give and set over to my daughter", and then he delivered the bonds to his wife, who kept them until after the death of her husband. The court held in that case that delivery to the wife for the daughter was sufficient to establish a completed gift of the bonds to the daughter.

The case of Moore et v Shiclett, 187 Ky., 7, presented facts similar to those under consideration. There, the wife, before her death, called in her sister, showed her a package of money and had her place it in a dresser drawer from which it had been taken. The wife gave her sister a key, stating it was her desire that her nephew have the money after her death. This was held to be a valid gift causa mortis, executed by the symbolic delivery of the key.

The great weight of authority is to the effect that, under facts similar to those in the instant case, the third person entrusted with carrying out the instructions of the donor as to the donation acts as trustee and agent of the donee. 3 A.L.R. 926. See also: 20 O. Jur., 49, and O'Brien, Admrx. v O'Brien et, 112 Oh St, 202, 207.

We have mentioned these cases on delivery, but it seems to the writer of this opinion the facts under consideration make this a stronger case than the several cases here referred to, upholding a completed gift of the bonds to the donees.

The donor, Mr. Bacon, prepared some bonds, placed them in envelopes, sealed, stamped, and addressed them, and all that remained to complete the gift and to complete delivery was placing the same in the mail; that on Saturday morning, preceding his death, the donor, conscious of approaching death, called his niece to his bedside and gave her the keys to the box, directing her to go to his safety deposit box, take out the letters, which he described to her, and place them in the mail, that they might be transmitted to the donees, completing the gifts he desired to make. The only thing that prevented this completion was the fact that the bank closed, preventing the niece from carrying out the instructions of the donor to the letter, and the donor's death intervened before she could fulfill his instructions. When the donor delivered the keys to his niece, he parted with all authority and control over the safety deposit box. If there could be such a thing as a symbolic delivery, it would seem to apply to the facts in this case.

Our conclusion is that the undisputed facts support the requisites necessary to show a completed gift.

The judgment of the Common Pleas Court will be reversed, and a judgment sustaining the exceptions to the inventory filed by Stanley Conger, and directing the delivery to him of the bond in question may be entered here.

ROSS, PJ, concurs.
MATTHEWS, J, dissents.

## DISSENTING OPINION

By MATTHEWS, J.

The majority has reversed the judgment of the Common Pleas Court and entered a final judgment diametrically contrary. As the trial court made no specific finding of facts, the only theory upon which the reversal can be justified is that it is required by the application of the law to any conceivable finding of facts absolutely required by the evidence. I say absolutely required by the evidence, because only two speak for the court and the constitution (Art. IV, §8) forbids the reversal on the ground that the judgment is against the weight of the evidence.

Assuming the law on the subject of gifts causa mortis to be as stated in the majority opinion, there still remains the necessity of finding facts to which to apply that law. Now was the trial court required to reach the conclusion the majority say should have been reached? It seems to me that to answer this in the affirmative is equivalent to saying that the trial court was under no duty to pass on the credibility of witnesses and weigh the evidence.

The bond which is the subject-matter of this action was found in the decedent's safe deposit box in a bank. It was enclosed in a sealed and stamped envelope, addressed

to the claimant. It was not accompanied by any statement of the decedent as to his purpose in placing it in a stamped, addressed, and a sealed envelope, and then instead of mailing it placing it in his box in the bank. Certainly no inference can be drawn that he had any intention to make an immediate gift—just the contrary. If he had had any intention to part with the title at that time, he would have placed the envelope in the mail-box rather than in his own safe deposit box. Whatever may be inferred from these acts as to the intention of the decedent at that time, they certainly are no evidence of a delivery.

The only other evidence is that of the niece of the decedent. She testified that about two days before his death, and when he knew death was approaching, he gave her the key to his safe deposit box and told her to get this envelope and mail it, but because she could not leave him, on account of his condition, she did not go to the bank before his death. According to the witness no one was present when this occurred. In the Common Pleas Court she testified that the decedent had given her a writing signed by him, directing the bank to allow her to open the box. She said this order could not be found, although she was the executrix, and apparently had full charge of decedent's papers. In the Probate Court she testified that no writing of that sort or any sort had been given her. Furthermore, this witness said nothing about any delivery of keys to her when she testified in the Probate Court. She was questioned about the identical conversation, and if anything had been said about keys it would naturally have been called to her mind. Her failure to include it in her first recital was a circumstance that could not be overlooked. There are many other circumstances shown by her testimony having something to do with the weight to be given to it.

Now the majority states the rule that gifts causa mortis "are not favored in law, and must be clearly proved." The trial court was bound to follow that rule in weighing the evidence and determining whether the requirement had been met. It reached the conclusion that it had not. This court, without the advantage of seeing the witnesses, says by its decision that the evidence was so conclusive that it established the fact as a matter of law, leaving nothing to be done but the entering of final judgment. A final judgment could be based on no other hypothesis, and a mere reversal and remanding for a new trial cannot be based upon a finding that the judgment is against the weight of the evidence, no matter how confidently the majority may hold that opinion.

The burden of proof was upon the claimant to establish the gift not merely by a preponderance of the evidence, but by clear proof of it. The trial court certainly in the exercise of the judicial function had some duty of determining whether he was convinced by the evidence. Without expressing any independent conclusion on the credibility of the witness, I do say that in my opinion the trial court's action cannot be said to have been so manifestly unreasonable as to justify this court in even saying that his conclusion was against the weight of the evidence, much less against facts conclusively established.

A reading of the opinion will convince one that the decision is really based on an analysis and weighing of the evidence. Having weighed the evidence, my associates reached a conclusion contrary to that of the trial judge as to whether the gift causa mortis had been clearly proven. A reversal for that reason is based on the weight of the evidence, and can only be entered on the concurrence of all the judges.